**UNITED STATES of America and the State of Michigan, Plaintiffs,**

v.

**The CITY OF DETROIT, MICHIGAN, Defendant,**

and

**The Greater Detroit Chamber of Commerce, Intervenor–Defendant.**

**No. 89–72937.**

United States District Court, E.D. Michigan.

Nov. 6, 1996.

Pater Caplan, Asst. U.S. Atty., Detroit, MI, John Scherbarth, Asst. U.S. Atty. General, State of Michigan Environmental Protection Div., Lansing, MI, Thomas Carroll, U.S. Dept. of Justice, Environmental & Natural Resources, Div., Environmental Enforcement Section, Washington, DC, for plaintiffs.

Beth S. Gotthelf, Seyburn, Kahn, Ginn, Bess, Deitch & Serlin, PC, Southfield, MI, Devin S. Schindler, Warner, Norcross & Judd, Grand Rapids, MI, Avery K. Williams, Cooper, Fink & Zausmer, Detroit, MI, for defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

### I. *Background*

Plaintiff, the United States, has moved for reconsideration of this court's Amended Opinion and Order of October 1, 1996 granting summary judgment in favor of defendant City of Detroit ("City"). The United States, together with the State of Michigan, had charged the City with violations of the Clean Water Act in the discharge of industrial waste, based on the City's alleged failure to comply with its Industrial Pretreatment Program (IPP or "Program"). Plaintiffs sought up to $10,000 per day for each violation prior to February 4, 1987 and $25,000 per day

between February 4, 1987 and the date of judgment, plus costs.

I held that before an IPP may be enforced against a Publicly Owned Treatment Works (POTW) such as that operated by the City, federal law requires the IPP to be incorporated within a National Pollutant Discharge Elimination System (NPDES) permit. Since the permit issued to Detroit did not include the IPP, the Plaintiffs had no basis to enforce the terms of the IPP. The United States now seeks reconsideration.

## II. *Standard of Review*

Motions for reconsideration in this court are governed by the United States District Court for the Eastern District of Michigan Local Rule 7.1(h)(3), which states:

> Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

Thus Plaintiff's motion may not be granted if it presents the same issues as ruled on earlier by the court and fails to demonstrate a "palpable defect" which, if corrected, would lead to a different disposition of the case.

## III. *Analysis*

The United States presents no basis for reconsideration of my earlier decision. My holding rested on regulatory language stating, "the POTW's NPDES Permit will be reissued or modified by the NPDES State or EPA, respectively, *to incorporate the approved Program conditions as enforceable conditions of the permit.*" 40 C.F.R. § 403.8(c) (1995) (emphasis added). I continue to believe that this language means what it says. Program conditions must be "incorporated" within an NPDES permit in order to be "enforceable conditions" of the permit.

I recognized in my October 1, 1996 opinion that language in Detroit's Permit does call upon the City to "implement and enforce" the IPP within one month after the IPP's approval. However, I found that this language was insufficient to make the IPP enforceable, since the regulatory language cited above requires the IPP to be incorporated, and not simply referenced, in a permit before it becomes an enforceable condition of the permit.

The United States now argues that due process would not be violated by enforcing the IPP, since the City played a large role in formulating the IPP, federal regulations spell out minimum conditions for an IPP (though not the contents of an IPP), and the IPP was subject to public notice and comment procedures. This argument misses the point, since my decision was not based on due process. I did acknowledge that the permit approval and modification process provides opportunity for public notice and comment before a term of a permit becomes enforceable. However, my decision rested firmly on the letter of the law, and not on any constitutional rationale behind the law.

All of the United States' arguments as to the legitimacy and fairness of the IPP approval process similarly miss the point. My decision was not based on any flaw in that process. Neither does the IPP's lack of enforceability mean that it is ineffective. As I noted, the City has largely complied with its terms, and nothing in my decision invalidates the IPP. It simply bars the State of Michigan and United States from seeking damages for alleged violations of the IPP.

As the United States notes, I quoted language in Detroit's Permit which anticipated the Permit's future modification in order to incorporate the IPP. But contrary to the United States' assertions, I did not construe this language as making permit modification a "mandatory precondition to enforcement of the approved IPP." Rather, it is 40 C.F.R. § 403.8(c) which creates such a mandatory precondition. I cited the Permit's language as an indication that the parties expected to modify the Permit to include the IPP, which—as even the United States has conceded—is the preferable course.

The United States mischaracterizes the IPP when it seeks to portray this document as a final, binding document. As I observed

in my previous opinion, no IPP existed at the time Detroit's Permit was granted, and after the IPP's approval the parties failed to reach agreement on appropriate terms for its incorporation into the Permit through many years of negotiation. I would stress once again that the incorporation of the IPP into the permit is necessary precisely because it represents an agreement between the parties as to enforceable obligations. The permit approval process provides important flexibility and reflects a recognition that environmental goals cannot be achieved instantaneously,

The United States' assertion that I lack jurisdiction to review the validity, of terms of an NPDES permit is irrelevant. I did not in any manner declare invalid those terms of Detroit's Permit which called upon the City to "implement and enforce" the IPP. I simply ruled that the inclusion of those terms did not make the IPP independently enforceable. Plaintiff mischaracterizes my holding and in so doing improperly raises an issue not argued or briefed previous to this motion for reconsideration.

### IV. *Conclusion*

For the reasons stated above, the United States' motion for reconsideration is hereby denied.

**IT IS SO ORDERED.**